# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:00-CR-15 CAS |
| | ) | |
| KENNETH HOWARD, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This closed criminal matter is before the Court on defendant Kenneth Howard's "Application for Finality of Determination to Vacate his Sentence on Count I of his Indictment Pursuant to 28 U.S.C. § 2244 and Affidavit of Merits." The government opposes the application to vacate sentence and defendant has filed a reply in support. For the following reasons, the motion will be denied.

**Background**.

On January 13, 2000, Kenneth Howard was indicted by a four-count indictment on one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), one count of possession of marijuana, and one count of carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c).

On April 21, 2000, defendant pleaded guilty to each element of the crime of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) as charged in Count I, and the government moved to dismiss the other three counts. On July 14, 2000, the Court sentenced

defendant on Count I to 108 months imprisonment followed by a supervised release term of four years.

Defendant asserts in the instant motion to vacate that after he was sentenced, he learned that a critical witness in his case, St. Louis City Police Department Officer Reginald Williams, had been indicted by the United States Attorney for the Eastern District of Missouri for fabricating evidence against innocent citizens, in a scheme that involved making false allegations that individuals possessed cocaine base when in fact Williams himself was distributing cocaine base.[1] Defendant asks that his sentence be vacated and he receive a new trial on the basis that Williams, "the only . . . witness who directly placed the cocaine base in [defendant's] possession, have [sic] obvious credibility problems." Def.'s Appl. to Vacate at 3.

The government opposes defendant's motion on the grounds that defendant pleaded guilty in the case, admitted all the elements of the crime of possession with intent to distribute cocaine base, and never contended directly or through his attorney that there was any impropriety associated with the investigation and prosecution of his case by Reginald Williams. The government also states that after defendant was convicted, he sent several letters to the government stating that he had information about narcotics activity he was willing to offer if his sentence could be reduced, but again did not indicate there were any improprieties in the investigation or prosecution of his case. See

---

[1] The Court takes judicial notice that on April 28, 2005, Reginald Williams was found guilty by a jury of (1) engaging in misleading conduct to hinder the communication of information to a law enforcement officer as charged in Counts IV and V of the superseding indictment; (2) obstruction of justice as charged in Count VI of the superseding indictment; and (3) making a false statement to the government as charged in Count VII of the superseding indictment. The jury found Williams not guilty of (1) depriving citizens of their rights as charged in Counts I and III of the superseding indictment, and (2) possession with intent to distribute in excess of 5 grams of cocaine base (crack) as charged in Count II of the superseding indictment. See United States v. Reginald Williams, No. S1 4:04-CR-336 DJS (E.D. Mo.) (jury verdict–Doc. 109).

2

Gov't Exs. 1, 2, 3 to Response to Vacate Sentence. The government also states that defendant was contacted by an FBI agent in July 2004 as part of the government's investigation into the activities of Reginald Williams, and defendant stated that he had information about Williams distributing drugs but did not wish to discuss the information over the telephone. See Gov't Ex. 4. The government asserts that the motion to vacate should be denied because defendant pleaded guilty to knowing possession of crack cocaine with intent to distribute, and until the instant motion was filed had never asserted any allegations of impropriety in connection with the investigation and prosecution of the case against him.

Defendant replies that he told his former attorney John Rogers he was being framed by a "crooked cop," but Rogers told defendant the courts would not side with defendant over a police officer, especially one who had been on the force for many years, and it would be risky to go to trial and possibly receive more prison time than if he pleaded guilty. Def. Aff. ¶ 5.[2] Defendant further states that with respect to the letters he sent to the government, "I was young and due to the impairment of my judgment and my sense of responsibility and to this whole situation I was willing to do anything to get out of it." Id., ¶ 6. Defendant also asserts that the letters he sent to the government had pages attached which stated the wrongful acts of Reginald Williams, but the government did not present them to the Court. Id., ¶ 8. Finally, defendant states that he was not willing to discuss the matter of Williams with the FBI over the telephone because of "the indefensible harm I could face," but "would discuss the matter in person with and [sic] appointed attorney to me by the government in my behalf." Id., ¶ 10.

---

[2]The Court notes that defendant did not submit an affidavit from Mr. Rogers, and defendant's statements concerning what Rogers may have said constitute hearsay.

**Discussion**.

Neither party discusses the procedural basis of defendant's application to vacate his sentence. The Court finds that defendant's claims are time barred or that the Court lacks jurisdiction over the claims, and therefore does not address their merits.

### A. 28 U.S.C. § 2255.

Because defendant is a federal prisoner, a challenge to his conviction is most appropriately brought by a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. See United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended § 2255 to add a one-year period of limitation, effective April 24, 1996. Pub.L. No. 104-132, 110 Stat. 1220 (codified at 28 U.S.C. § 2255). Under the AEDPA, the one-year statute of limitations for filing a § 2255 habeas petition begins to run from the latest of:

(1) the date on which the conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Of the four dates, the only one relevant in this case is the first: "The date on which the conviction becomes final."[3] Here, defendant's conviction became "final" on August 1, 2000–the last day he could have filed an appeal with the Eighth Circuit Court of Appeals–because the judgment of conviction was entered on July 18, 2000 and defendant did not seek appellate review of the judgment. See Fed. R. App. P. 4(b)(1)(A) (a defendant in a criminal case has ten days after entry of judgment to file a notice of appeal); Fed. R. App. P. 26(a) (it is appropriate when computing to exclude intermediate Saturdays, Sundays and legal holidays). See also Kapral v. United States, 166 F.3d 565, 577 (3d Cir.1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitations begins to run, on the date on which the time for filing such an appeal expired."); United States v. Smith, 65 Fed. Appx. 201, 202 (10th Cir.) (same), cert. denied, 540 U.S. 934 (2003). Cf. Clay v. United States, 537 U.S. 522, 527 88 (2003) ("Finality attaches . . . when [the United States Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). Defendant did not file the instant motion until May 20, 2005, several years beyond the last day it properly could have been filed under Section 2255. Therefore, it is time barred.

### B. Rule 33, Federal Rules of Criminal Procedure.

To the extent defendant's motion could be considered as a motion for new trial under Rule 33, Federal Rules of Criminal Procedure, it is also time barred. Rule 33(b)(2) provides that any motion for new trial must be filed within seven days after the verdict or finding of guilty. Rule

---

[3]Defendant cannot contend that the indictment or conviction of Reginald Williams constitutes newly-discovered evidence under the fourth date. Defendant has obviously known from the time of his arrest whether or not Reginald Williams planted cocaine base on him.

5

33(b)(2), Fed. R. Crim. P. The seven-day deadline for filing a motion for new trial or receiving an extension of time to file such a motion is jurisdictional. United States v. Villalpando, 259 F.3d 934, 937 (8th Cir. 2001). A motion for new trial based on newly discovered evidence must be filed within three years after the verdict or finding of guilty. Rule 33(b)(1), Fed. R. Crim. P. Both of these time periods passed before defendant filed the instant motion.

### C. 28 U.S.C. § 2241.

The Court lacks jurisdiction to consider defendant's motion as a petition for habeas relief under 28 U.S.C. § 2241. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed . . . under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). Section 2255's "savings clause" provides that an application for relief shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255.

Thus, the issue is whether § 2255 was inadequate or ineffective to test the legality of defendant's conviction. If § 2255 was adequate or effective, then this Court lacks jurisdiction to entertain defendant's claims under § 2241. See Hill, 349 F.3d at 1091. "The prisoner has the burden of demonstrating § 2255 relief in the sentencing court would be unavailable or ineffective." Hill, 349 F.3d at 1091 (citations omitted). The Court finds § 2255 was adequate and effective in this case, as defendant has offered no credible evidence to the contrary.

"Significantly, in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." Hill, 349 F.3d at 1091

(citations omitted). The Eighth Circuit has held that a § 2255 motion is not "inadequate or ineffective" merely because: (1) "§ 2255 relief has already been denied," (2) "[the] petitioner has been denied permission to file a second or successive § 2255 motion," (3) "a second or successive § 2255 motion has been dismissed," or (4), as applicable here, "[the] petitioner has allowed the one year statute of limitations and/or grace period to expire." Lurie, 207 F.3d at 1077 (citations omitted).

Defendant's claim is that Williams planted the cocaine base on him. This claim could have been raised at trial, on direct appeal, or in a timely motion under Section 2255. Thus, defendant has failed to establish that relief under § 2255 was "inadequate or ineffective" to test the legality of his conviction.

### D. Writ of Error Coram Nobis.

Defendant's motion cannot be considered as a motion for a writ of error coram nobis, because defendant is in federal custody.[4] See United States v. Noske, 235 F.3d 405 (8th Cir. 2000) (per curiam) ("our case law clearly precludes coram nobis relief to a federal prisoner.") (citation omitted).

### E. Rule 60(b), Federal Rules of Civil Procedure.

Finally, the Court cannot consider defendant's motion as one under Rule 60(b), Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 1 and 81(a)(2) make it clear that the Federal Rules of Civil Procedure apply only to civil proceedings. The Federal Rules of Civil Procedure, including Rule 60(b), may not be used to relieve a party from operation of a judgment of conviction or sentence in a criminal case. See, e.g., United States v. O'Keefe, 169 F.3d 281, 288 (5th Cir. 1999); United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998); United States v. Tillberg, No.

---

[4]See United States v. Camacho-Bordes, 94 F.3d 1168, 1172-73 (8th Cir.1996) (coram nobis relief is "'substantially equivalent'" to habeas relief) (quoted source material omitted).

98-3616 (8th Cir. Apr. 13, 1999) (unpublished per curiam) (affirming district court's denial of Rule 60(b) motion to vacate a portion of defendant's sentence, citing Mosavi).

**Conclusion**.

For the foregoing reasons, the Court concludes that defendant's motion to vacate his sentence is time barred under either 28 U.S.C. § 2255 or Rule 33, Federal Rules of Criminal Procedure, and that no other procedural avenues exist by which defendant may assert the motion. As a result, it should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Kenneth Howard's "Application for Finality of Determination to Vacate his Sentence on Count I of his Indictment Pursuant to 28 U.S.C. § 2244 and Affidavit of Merits" is **DENIED**. [Doc. 44]

　

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  20th  day of June, 2005.