# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:00-CR-0015 CAS |
| | ) | |
| KENNETH HOWARD, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on a request from defendant directed to the Clerk of the Court, which seeks a certified copy of the "'record of the proceeding of the return of the indictment' by the grand jury on January 13, 2000." In the event no such record exists, defendant requests the Clerk of the Court to enter a certification to that effect.

The Court hereby notifies defendant that the voting record of the grand jury indictment is properly filed, under seal, with the Clerk of the Court. The voting record and the transcript of the grand jury proceedings will not be disclosed, however. Grand jury proceedings are subject to a general rule of secrecy. Fed. R. Crim. P. 6(e)(2). The Supreme Court has determined that "[p]arties seeking grand jury transcripts must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." Douglas Oil Co. of California v. Petrol Stops Northwest, 441 U.S. 211, 222 (1979) (citing United States v. Procter & Gamble Co., 356 U.S. 677 (1958)). The party seeking grand jury information must establish all elements "even when the grand jury whose transcripts are sought has concluded its

operations . . . ." Id. In some instances, because the records sought are not the sort which would illustrate the inner workings of the grand jury, a "reduced showing of particularized need is all that is required." In re Grand Jury Investigation, 55 F.3d 350, 354 (8th Cir. 1995). In any event, the need for disclosure must be greater than the need for secrecy. Id.

In this case, defendant has failed to set forth any reason for inspection of the grand jury proceedings. Thus, defendant has not set forth a need that outweighs the general rule of secrecy. As a result, defendant's request for a certified copy of the grand jury proceedings will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's pro se motion for a certified copy of grand jury records is **DENIED**. [Doc. 48]

　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this  7th  day of July, 2005.