## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:00-CR-15 CAS |
| KENNETH HOWARD, | ) ) |
| Defendant. | ) ) |

## **MEMORANDUM AND ORDER**

This closed criminal matter is before the Court on a letter from defendant Kenneth Howard dated July 12, 2005, which seeks a certified copy of the grand jury concurrence form signed by the foreperson. Defendant states that the material sought is favorable to him, and is necessary to "avoid possible injustice in the United States Court of Appeals" on defendant's appeal filed or on about June 30, 2005.

On May 20, 2005, defendant filed a motion to vacate his sentence. The factual and procedural background underlying defendant's conviction as described in the Memorandum and Order is set forth below.[1] By Memorandum and Order dated June 20, 2005, the Court denied defendant's motion to

---

[1] On January 13, 2000, Kenneth Howard was indicted by a four-count indictment on one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), one count of possession of marijuana, and one count of carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c).

On April 21, 2000, defendant pleaded guilty to each element of the crime of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) as charged in Count I, and the government moved to dismiss the other three counts. On July 14, 2000, the Court sentenced defendant on Count I to 108 months imprisonment followed by a supervised release term of four years.

vacate on the basis that it was time barred under 28 U.S.C. § 2255 and there was no other procedural avenue available to defendant to raise the claims he was asserting in the motion. On June 30, 2005, defendant filed a notice of appeal of the Memorandum and Order of June 20, 2005.

By Order dated July 7, 2005, the Court denied defendant's request for a certified copy of the "record of the proceeding of the return of the indictment by the grand jury on January 13, 2000." The Order stated in part,

> The Court hereby notifies defendant that the voting record of the grand jury indictment is properly filed, under seal, with the Clerk of the Court. The voting record . . . of the grand jury proceedings will not be disclosed, however.

Order of July 7, 2005 at 1.

Grand jury proceedings are subject to a general rule of secrecy. See Federal Rule of Criminal Procedure 6(e)(2). A party seeking grand jury information which does not illustrate the inner workings of the grand jury must make a reduced showing of "particularized need" for their production. In re Grand Jury Investigation, 55 F.3d 350, 354 (8th Cir. 1995). "This requires a showing that the material is necessary to avoid 'a possible injustice in another proceeding,' that 'the need for disclosure is greater than the need for continued secrecy,' and that the disclosure request is

---

Defendant asserted in the motion to vacate that after he was sentenced, he learned that a critical witness in his case, St. Louis City Police Department Officer Reginald Williams, had been indicted by the United States Attorney for the Eastern District of Missouri for fabricating evidence against innocent citizens, in a scheme that involved making false allegations that individuals possessed cocaine base when in fact Williams himself was distributing cocaine base. Defendant asks that his sentence be vacated and he receive a new trial on the basis that Williams, "the only . . . witness who directly placed the cocaine base in [defendant's] possession, have [sic] obvious credibility problems." Def.'s Appl. to Vacate at 3.

2

tailored to include only necessary materials." Id. (citing Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 222 (1979)).

Defendant asserts that the grand jury concurrence form is necessary to avoid possible injustice in his appeal of the Court's Memorandum and Order of June 20, 2005 denying the motion to vacate sentence. As stated above, the Memorandum and Order of June 20, 2005 denied defendant's motion to vacate solely on procedural grounds. The grand jury information defendant seeks is not relevant to an appeal of the Memorandum and Order of June 20, 2005. Defendant therefore has not shown how potential injustice could result on the appeal if he is not provided with the grand jury information he seeks. Defendant has also failed to set forth a need for the information that outweighs the general rule of secrecy. As a result, defendant's request for a certified copy of the grand jury concurrence form signed by the foreperson should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Kenneth Howard's letter request for a certified copy of the grand jury concurrence form signed by the foreperson is **DENIED**. [Doc. 57]

/s/ Charles A. Shaw

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __4th__ day of August, 2005.